Exhibit A



IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF BENTON

| | |
|---|---|
| BRAD CREAGER; ESTATE OF HOLLY CREAGER, by and through its Personal Representative, Brad Creager,<br><br>Plaintiffs,<br><br>v.<br><br>OPTUM, INC.,<br>Defendant. | Case No. 16CV15633<br><br>SUMMONS |

TO: ✓ Optum Inc., c/o Registered Agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Erick J. Haynie                                            OSB No. 982482
ATTORNEY'S/AUTHOR'S NAME (TYPED OR PRINTED)    BAR NO. (IF ANY)

Perkins Coie LLP, 1120 NW Couch Street, 10th Floor
ADDRESS

Portland            OR         97209        (503) 727-2000
CITY                STATE      ZIP          PHONE

Erick J. Haynie                                            OSB No. 982482
TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPE OR PRINTED)    BAR NO.

STATE OF OREGON, County of Washington) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF(S)

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_____
ATTORNEY FOR PLAINTIFF(S)
ATTORNEY OF RECORD FOR PLAINTIFF(S)

118470-0001/131269077.1

5/10/2016 4:08:58 PM
16CV15633

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF BENTON

| | |
|---|---|
| BRAD CREAGER; ESTATE OF HOLLY CREAGER, by and through its Personal Representative, Brad Creager,<br><br>Plaintiffs,<br><br>v.<br><br>OPTUM, INC.,<br><br>Defendant. | Case No. 16CV15633<br><br>**COMPLAINT**<br><br>(VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT)<br><br>(Subject to mandatory arbitration)<br><br>Prayer: $9,500<br>Fee: ORS 21.160(1)(a) |

COMES NOW plaintiffs, Brad Creager, individually, and the Estate of Holly Creager, by and through its Personal Representative, Brad Creager, to allege this Complaint against Optum, Inc. ("Optum"), for violation of the federal Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692-1692p.

**PARTIES, JURISDICTION AND VENUE**

1.

The Estate of Holly Creager (the "Estate") is a duly created estate pending before the Circuit Court for the State of Oregon, County of Benton. The personal representative of the Estate is Bradley Creager.

2.

At all material times, Optum has been a Delaware corporation doing business in the State of Oregon.

PAGE 1- COMPLAINT

118470-0001.0001/130609586.5

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

3.

This Court has subject matter jurisdiction by virtue of its general jurisdiction and its jurisdiction over the parties.

4.

Venue is proper in this action because, among other things, Optum's conduct in question occurred in substantial part in Benton County, Oregon.

### Factual Background

5.

On Sunday, July 19, 2015, Janice E. Kummer ran a stop sign at the intersection of Spicer Drive and Kennel Road, east of Albany, Oregon. At the moment Ms. Kummer ran the stop sign, Bradley Creager and Holly Creager (husband and wife) were driving through the intersection in a lawful manner returning home from nearby church services. As a result of the ensuing collision, Holly Creager was killed instantly and Bradley Creager suffered serious physical injuries (the "Accident"). The Accident was solely the result of unlawful, negligence and/or reckless conduct of Ms. Kummer.

6.

Bradley Creager is enrolled in a health benefit plan associated with United Healthcare Services, Inc. ("United Healthcare").

7.

Holly Creager, while she was living, had a separate health benefit plan through her employer, the Greater Albany Public School District (the "School District"). Until her untimely death, Mrs. Creager was a social worker for the School District.

8.

At no point in time has United Healthcare, Inc. advanced any money, coverage or services for the benefit of Mrs. Creager in connection with the Accident or otherwise.

PAGE 2- COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

118470-0001.0001/130609586.5

9.

2  Optum is a wholly-owned subsidiary of UnitedHealth Group Incorporated, which is
3  affiliated with United Healthcare. In written correspondence, Optum has stated that it was
4  "retained by United Healthcare Services" to recover alleged debts.

10.

6  Holly Creager was immediately killed in connection with the Accident and was
7  pronounced dead on the scene. Holly Creager received no medical treatment, and was charged
8  no fees for medical treatment, in connection with the Accident.

11.

10  Optum knew, or in the reasonable exercise of care should have known, that United
11  Healthcare expended no funds for any medical treatment for Mrs. Creager in connection with the
12  Accident.

12.

14  Brad Creager sustained serious physical injuries as a result of the Accident. On
15  information and belief, United Healthcare has advanced funds for the benefit of medical
16  expenses associated with Mr. Creager's treatment and care.

13.

18  By letter dated January 13, 2016, Optum "assert[ed] a subrogation and/or reimbursement
19  interest on any settlement proceeds" that Holly Creager might recover in connection with the
20  accident (the "Collection Notice"). A copy of the Collection Notice is attached as Exhibit A.

14.

22  By the Collection Notice, Optum stated an intention to pursue reimbursement of the
23  medical benefits it paid on behalf of Holly Creager and demanded that Holly Creager not spend
24  any funds she may be entitled to receive as a result of the negligence of others in relation to the
25  Accident. The letter further demanded certain actions or inactions as set forth in the Collection
26  Notice.

PAGE 3- COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

118470-0001.0001/130609586.5

15.

As a result of the letter, Mr. Creager and the Estate were required to expend attorney fees to analyze and respond. Mr. Creager, the Personal Representative of the Estate and widower of Holly Creager, also suffered stress and anxiety as a result of the Collection Notice.

16.

The Collection Notice has no basis in law or fact. United Healthcare at no point in time advanced any medical benefits, proceeds or coverage for the benefit of Holly Creager in relation to the Accident. United Healthcare has no lien rights, and has never held any lien rights, relative to Holly Creager and the Accident.

17.

Optum is a "debt collector" within the meaning of the FDCPA.

18.

The purported debts owing to Optum by Holly Creager are medical expenses, which is a debt relating primarily to consumer, family or household purposes.

19.

By letter dated February 25, 2016, the Estate demanded that Optum retract the Collection Notice. Despite that demand, Optum did not withdraw the Collection Notice.

**CLAIM FOR RELIEF**
**(Violation of FDCPA)**

20.

Plaintiff incorporates by reference the allegations set forth above.

21.

Defendant's issuance of the Collection Notice violates the following provisions of the FDCPA:

a)  15 USC § 1692e(2), which prohibits the false representation of the character, content or legal status of any debt;

PAGE 4- COMPLAINT

118470-0001.0001/130609586.5

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

b)   15 USC § 1692e(5), which prohibits the threat to take any action that is not intended to be taken;

c)   15 USC § 1692e(8), which prohibits communicating or threatening to communicate to any person credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed;

d)   15 USC § 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt;

e)   15 USC §1692e(12), which prohibits the false representation or implication that accounts have been turned over to innocent purchasers for value;

f)   15 USC § 1692f, a catchall provision, which provides that the debt collector may not use unfair means to collect or attempt to collect any debt which includes all of the conduct alleged above including attempting to collect a debt when not authorized to conduct business in this state; and

g)   15 USC § 1692d, a further the catchall provision, which prohibits all conduct, the natural consequences of which is to harass, oppress or abuse a person in connection with a debt.

22.

As a result of defendant's conduct alleged above, Mr. Creager and the Estate are entitled to actual damages in the amount of no less than $8,500, and statutory damages in the amount of no less than $1,000.

23.

Plaintiff is also entitled to an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(3).

**PRAYER**

WHEREFORE, plaintiffs pray for a judgment in this matter awarding them their actual damages in an amount of no less than $8,500 plus no less than $1,000 for statutory damages, and for an award of their reasonable costs, disbursements and attorneys' fees.

PAGE  5-   COMPLAINT

118470-0001.0001/130609586.5

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

| | |
|---|---|
| DATED: May 10, 2016 | **PERKINS COIE LLP**<br><br>By: _/s/ Erick Haynie_<br>Erick J. Haynie, OSB No. 982482<br>EHaynie@perkinscoie.com<br>1120 N.W. Couch Street, 10th Floor<br>Portland, OR 97209-4128<br>Telephone: 503.727.2000<br>Facsimile: 503.727.2222<br><br>Attorney for Plaintiffs |

PAGE 6- COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

118470-0001.0001/130609586.5



11000 Optum Circle
MN102-0300
Eden Prairie, MN 55344

January 13, 2016



Holly Creager
2422 NW North Albany Rd
1241  Albany, OR 97321-1287

RE:  Injured Party:     Holly Creager
     Date of Injury:    07/19/2015
     Group:             HP INC., #000227037
     Our File #:        27524304

Dear Holly Creager,

This letter will formally notify you that UnitedHealthcare Services has retained Optum to pursue a recovery for medical benefits that have been or may be paid by them on behalf of Holly Creager for the treatment of injuries sustained arising out of the above captioned injury.

The plan has a right to pursue other sources of payment including other parties and their insurers for reimbursement of the medical benefits it has paid. Such parties may be obligated to reimburse your health plan for the medical payments.

We have been notified you are represented by Erick Haynie. Please have your attorney contact this office and acknowledge receipt of this letter. Our future communications will be with your attorney.

In the event you have already made a monetary recovery from some other party or insurer in addition to your health plan **do not spend the money at this time and notify us immediately**, as we assert a subrogation and/or reimbursement interest on any settlement proceeds. Please feel free to contact our office if you have any questions. Thank you for your assistance.

Sincerely,

*Patrick A. Deville*
patrick.deville@optum.com
Patrick Deville
Analyst
Phone: 952-205-1621
Fax: 844-823-8233

Exhibit A
Page 1 of 1